**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 14, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOHN MCALLISTER HOOD,

    Defendant-Appellant.

No. 12-4118
(D.C. No. 1:12-CV-00033-DS and
1:07-CR-00078-DS-1)
(D. Utah)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

John Hood seeks to undo his conviction and sentence for federal drug charges by way of 28 U.S.C. § 2255. The district court declined to grant relief under that provision so now Mr. Hood seeks our assistance. But before proceeding any further, Mr. Hood must first win a certificate of appealability ("COA"). We may grant a COA only if Mr. Hood makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do this, he must demonstrate that "reasonable jurists could debate whether (or, for that matter agree that) [his] petition should have been resolved in a different manner

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[than the district court thought] or that the issues presented [a]re adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

With these standards in mind, we deny Mr. Hood's COA request. Mr. Hood argues that his trial counsel was ineffective. To prevail on any claim that his counsel was constitutionally ineffective, however, a petitioner must show two things: (1) counsel's representation "fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-78, 691-92 (1984). Mr. Hood says his counsel ran afoul of *Strickland* in three independent ways. But the district court's decision rejecting each of his theories simply is not open to debate.

First, Mr. Hood complains his counsel failed to file a motion to suppress the drugs that were found in a backpack he was carrying when he was arrested. But a lawyer's performance isn't deficient because he decided not to file a motion that was doomed to fail. And as the district court explained, that's the case here: the search of the backpack was consistent with the Fourth Amendment's search-incident-to-arrest and inevitable-discovery doctrines and any motion to suppress arguing otherwise would have failed.

Second, Mr. Hood argues his counsel failed to advise him adequately in connection with a plea offer. Had he been informed by counsel he faced a

potential life sentence if convicted at trial, Mr. Hood says, he would have accepted the plea deal he was offered. But as the district court's decision points out, Mr. Hood *knew* the charges against him carried a potential life sentence, the decision whether to accept the plea offer was left to him, and he freely decided to reject the plea. In these circumstances, it is plain Mr. Hood cannot show deficient performance on the part of his counsel. There is simply no "reasonable probability that the plea offer would have been presented to the court (i.e., that [he] would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), [and] that the court would have accepted its terms." *Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012). To be sure, Mr. Hood alleges that he harbored a secret misunderstanding about the meaning of the term "life in prison," but he offers no evidence his attorney was responsible for this putative misunderstanding or even knew or should have known of it. Again, in these circumstances we see no plausible claim for ineffective assistance.

Third, Mr. Hood argues that his counsel performed deficiently by choosing to challenge the government's evidence at trial rather than presenting witnesses of his own. But as we noted in Mr. Hood's direct appeal, his counsel challenged the government's evidence effectively and in many different ways. *See United States v. Hood*, 615 F.3d 1293, 1300 (10th Cir. 2010). Neither is it the case that defense counsel hadn't bothered to consider the possibility of presenting his own witnesses: he had, for example, retained an expert as a possible witness to rebut

the government's toxicology evidence.  At the end of the government's case, moreover, counsel explained that he had opted not to present that or other witnesses only because he was "satisfied with the evidence" as presented.  And even now we see no reason to doubt that assessment:  Mr. Hood offers no persuasive account how further witnesses would have meaningfully altered the evidentiary equation in his favor.

Mr. Hood replies the district court should have at least held an evidentiary hearing on his habeas petition.  But a district court is not obliged to hold such a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  That situation, the court found, fit this case.  And we see no room for disagreement here either.  Mr. Hood says a hearing was necessary because he needed to "explain in more detail" his *Strickland* claims.  But Mr. Hood has not persuaded us how or what a hearing would have illuminated that the district court did not already know and account for in its written decision.  Mr. Hood's appeal to the cumulative error doctrine is likewise unpersuasive, given that we (like the district court before us) can discern no potential errors here to cumulate.

The application for a COA is denied and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge